SMITH, Judge.
Dr. Cotter, a tenured political science professor at Pensacola Junior College (PJC), appeals his dismissal raising several points, only one of which merits discussion. Dr. Cotter contends that the attorney for the Board of Trustees, though allegedly acting as legal advisor to the Board at the dismissal hearing below, in actuality became the “presiding officer” of the dismissal hearing contrary to the Administrative Procedure Act (APA) and constitutional due process safeguards. The Board answers that the hearing was not “conducted” by the Board’s attorney, though the attorney did actively assist the Board in the performance of its duties. We affirm.
Dr. Cotter was notified by the president of PJC that he was being dismissed based upon the recommendations of the chairman of the history and political science department, the dean of the school of humanities, the provost and the executive vice president for academic/student affairs. The charges against Dr. Cotter were: (1) inferi- or and ineffective instruction of students; (2) failure to organize classroom presentations adequately; (3) failure to test properly on subject matter covered in class; (4) inappropriate classroom behavior which intimidates and belittles students; (5) failure to correct deficiencies pointed out by supervisors; and (6) unwillingness to cooperate with supervisors to correct noted deficiencies. Dr. Cotter requested a hearing before the Board of Trustees.
In accordance with recommended practice, independent counsel was obtained to prosecute the case for PJC and the Board’s attorney assumed the role of advisor to the Board.[1] Counsel for PJC represented at the oral argument of this case that prior to the hearing the three attorneys — the attorney for PJC, the attorney for the Board, *732 and the attorney for Dr. Cotter[2] — met and agreed upon the manner in which the dismissal hearing would be conducted.[3] At the outset of the .hearing, the attorney for the Board explained that he would serve as the advisor to the Board and the parties should address any objections to him, “and then depending on what is the nature of the objection, we will make a position on it or as a matter of law we will make a ruling at that time.” There was no objection by Dr. Cotter’s trial counsel to this proposed procedure. Thereafter, the attorneys for the parties addressed questions concerning routine evidentiary matters and witnesses to the attorney for the Board. Motions were addressed to the Board and the Board voted whether to grant or deny the motion.
Four serial hearings were held in this case. The chairman of the history and political science department, the dean of the school of humanities, and the president of PJC, as well as several of Dr. Cotter’s former students, testified concerning the charges against him. The testimony centered around student complaints, low student enrollment in Dr. Cotter’s classes, high withdrawal rates from his classes, low student evaluations of Dr. Cotter’s performance, Dr. Cotter’s poor professorial attitude, and the efforts on behalf of Dr. Cotter’s superiors to correct these criticisms. Dr. Cotter presented the favorable testimony of several former students and some colleagues. At the conclusion of the hearing, the Board voted to dismiss Dr. Cotter. The Board entered a final order setting forth its findings of fact upon which it based its decision to dismiss Dr. Cotter. We find that competent, substantial evidence supports the Board’s conclusion that there were “good and sufficient” reasons warranting Dr. Cotter’s dismissal.[4]
Turning to the issue under consideration, Dr. Cotter notes that pursuant to section 120.57(l)(a)l, Florida Statutes, this hearing should only have been conducted by a hearing officer assigned by the Department of Administrative Hearings (DOAH), by a member of the collegial body constituting the agency head, or the agency head — in this case the Board of Trustees. Dr. Cotter argues that the APA does not empower the attorney for the Board to conduct the hearing in the Board’s stead. PJC counters that the Board, not the Board’s attorney, conducted the hearing, with the Board’s attorney merely acting as legal advisor.
The APA does not address the actions that may properly be taken by an attorney serving as a legal advisor to an agency in an administrative hearing. However, PJC notes section 120.65(7), Florida Statutes, which provides that the director of DOAH is allowed the discretion of designating qualified laypersons to conduct administrative hearings. If this is done, the director shall assign a hearing officer to assist the layperson in the conduct of the hearing, and to rule upon proffers of proof, questions of evidence, disposition of procedural requests, and similar matters. PJC argues persuasively that by analogy, it was not error for the Board’s attorney to rule upon routine questions of evidence, disposition of procedural requests and other similar mab ters.[5]
We disagree with appellant’s assertion that in this case, by virtue of having made these various evidentiary rulings, the attorney became the “presiding officer” of *733 this hearing. Rather, the Board of Trustees presided over and served as the ultimate fact-finder in this proceeding. The Board of Trustees judged the credibility of the witnesses, weighed the evidence and made the final determination in this case. Interestingly, the two evidentiary rulings challenged by Dr. Cotter on appeal — the exclusion of the video of Dr. Cotter’s class and the accompanying letter of evaluation from a colleague, and the refusal to allow student rebuttal testimony — were eviden-tiary rulings made by the Board, not the attorney for the Board, which is further proof that it was the Board who conducted this hearing.
We hasten to add that while we find no reversible error on the part of the Board in allowing the Board’s attorney to assist in the conduct of this administrative hearing by making rulings on routine questions of evidence and other similar matters, this opinion should not be read as granting unbridled authority to an attorney performing these functions. An attorney advising a board in this manner may do so only so long as he does not inject himself into the proceeding to the point that he may be said to be exerting undue influence to the prejudice of one party or the other. In such event, a proper objection will preserve this reversible error.
In this case, there is simply no evidence demonstrating bias on the part of the Board’s attorney, or indicating that the attorney performed his role in a manner prejudicial to appellant. Significantly, counsel for Dr. Cotter below never objected that the actions taken by the Board’s attorney and the rulings made by the Board’s attorney were prejudicial to his client.
AFFIRMED.
THOMPSON and MINER, JJ., concur.

. A board should employ or utilize two attorneys to handle disciplinary proceedings — one to advise the board and one to prosecute on behalf *732 of the board. 1 Fla.Jur.2d, Administrative Law, § 63 (1977).

. Dr. Cotter's appellate counsel did not represent him in the hearing below.

. Appellate counsel for Dr. Cotter did not disagree or take exception to the representation that the three attorneys met to lay out the ground rules for this dismissal hearing.

. Rule 6A-14.0411(4), Fla.Admin.Code. See Lo-vain, Grounds for Dismissing Tenured Postsec-ondary Faculty for Cause, 10 Journal of College and University Law 419 (1983-84).

.At oral argument, counsel for PJC invited speculation concerning the utter chaos which would ensue, if in an administrative proceeding of this type, the legal ramifications of each objection on routine evidentiary matters was debated by a board of laypersons, untrained in the law, and then voted upon. The length of time necessary to conduct a hearing such as the one in this case, already very time consuming, could easily double.